Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
QUANG-TUAN LUONG

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANG-TUAN LUONG,<br><br>Plaintiff,<br><br>v.<br><br>LOUIE & KITSUSE, A PROFESSIONAL LAW CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. ___5:18-cv-4116___<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR BENCH TRIAL** |

Plaintiff, Quang-Tuan Luong alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for

1

copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

**PARTIES**

5. Plaintiff Quang-Tuan Luong ("Luong" or "Plaintiff") resides in the State of California and is a professional photographer by trade.

6. Defendant Louie & Kitsuse is a professional law corporation formed under the laws of the state of California with a principal place of business at 520 The Alameda #100, San Jose, CA 95126.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that

Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

9. Plaintiff QT Luong is a photographer and author known for being the first to photograph all 59 US National Parks —in large format. His photographs are the subject of four books, including the best-selling *Treasured Lands*, winner of six national book awards. His work has appeared in publications such as Time, Life, Outside, Scientific American, GEO, numerous National Geographic publications, and hundreds of others worldwide. Luong's limited-edition prints are widely collected, and his on-going traveling exhibition of large prints from all the national parks has shown in museums and galleries nationwide.

10. Luong is the sole author and exclusive rights holder to a panoramic photograph of the San Jose skyline (the "Image"). A true and correct copy of the original Image is attached hereto as Exhibit A.

11.   Luong registered the Image with the United States Copyright Office under registration number VA 1-810-485.

12.   Luong distributes his Image for licensing through his website www.terragalleria.com. In order to protect against unauthorized use or distribution of his Image, Luong has placed a prominent watermark in the bottom right-hand corner which reads "© 2011 QT Luong / terragalleria.com."

13.   Defendant is the owner and operator of the website http://www.lkfamilylaw.org/ ("Defendant's Website") which Defendant uses to advertise its law practice.

14.   On or about February 2018, Luong discovered that Defendant was using his Image as the banner photograph at the top of Defendant's Website. Attached hereto as Exhibit B is a true and correct screenshot of Luong's Image as displayed on Defendant's Website; *see also* http://www.lkfamilylaw.org/ and http://www.lkfamilylaw.org/Uploads/201410/543bac9524990.jpg.

15.   Luong also noticed that his watermark had been cropped from the Image as it appeared on Defendant's Website.

16.   On or about February 22, 2018, Plaintiff's counsel sent a letter to Defendant alerting them to the infringement and requesting, *inter alia*, that the Image be removed from Defendant's Website.

17.   On or about March 20, 2018, a representative from Plaintiff's counsel's office called Defendant and spoke with attorney Calvin Louie. Louie

requested that Plaintiff's counsel's office provide information concerning Luong's claim.

18. That same day, a representative from Plaintiff's counsel's office sent an email to Louie explaining the general basis for Luong's claim. Attached to the email was the initial correspondence from February 22, screenshots showing the use of the Image on Defendant's Website, and Luong's perfected registration certificate for the Image.

19. Louie sent email back requesting, *inter alia*, proof that Plaintiff's counsel represented Luong in the matter.

20. Subsequently, on or about March 28, 2018, Louie was provided with a letter of representation. Attached hereto as Exhibit C is a true and correct copy of the email chain with Louie.

21. After not receiving a response, on or about April 4, 2018, Plaintiff's counsel attempted to reach Louie by phone to discuss the matter, and left a message with Defendant's receptionist.

22. On or about April 6, 2018, Louie had a brief conversation with Plaintiff's counsel's office, wherein he stated that he did not believe he had been provided with sufficient information to resolve the claim and abruptly hung up.

23. As of the date of this Complaint, Defendant has not removed the Image from Defendant's Website. Attached hereto as Exhibit D is a true and correct time stamped screenshot showing that Luong's Image is displayed on

Defendant's Website; *see also* http://www.lkfamilylaw.org/ and http://www.lkfamilylaw.org/Uploads/201410/543bac9524990.jpg.

24. Luong never authorized Defendant to use the Image in any manner.

25. On information and belief, Defendant knew that it did not have permission to use the Image on Defendant's Website and willfully infringed Luong's Image.

26. On information and belief, Defendant willfully removed Luong's watermark from the Image because Defendant knew it did not have permission to use the Image on Defendant's Website.

27. Despite being placed on notice that Luong's watermark had been removed from the Image, Defendant continues to knowingly display the altered Image on Defendant's Website without permission from Luong.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Image.

30. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Image in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted,

publicized, and otherwise held out to the public for commercial benefit, the original and unique Image of the Plaintiff without Plaintiff's consent or authority, by using it on Defendant's Website.

31. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

32. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

33. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
### FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
### 17 U.S.C. § 1202

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. On information and belief, Defendant knew that Plaintiff created and held rights to the Image because, *inter alia*, the original Image that Defendant used to make its infringing copy contained a watermark attributing the Image to Plaintiff.

36. Defendant intentionally removed and/or altered copyright management information related to the Image with the intent to induce, enable,

facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully removed Plaintiff's watermark from the Image.

37. Additionally, after Defendant was placed on notice by Plaintiff's counsel that the watermark had been removed, Defendant continued to display the Image with the watermark removed on Defendant's Website.

38. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

39. Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

40. Defendant's falsification of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image.

41. Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

42. In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from

Defendant for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against Defendant pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;

- For general and special damages against Defendant according to proof together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: July 10, 2018                              Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8325
(714) 597-6729 facsimile
*Counsel for Plaintiff*

Case 5:18-cv-04116-KAW   Document 1   Filed 07/10/18   Page 10 of 10

## DEMAND FOR BENCH TRIAL

Plaintiff, Quang-Tan Luong, hereby demands a bench trial in the above matter.

Dated: July 10, 2018                              Respectfully submitted,


/s/ Mathew K. Higbee
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8325
(714) 597-6729 facsimile
*Counsel for Plaintiff*